IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| BRADY EAMES,<br><br>       Plaintiff,<br><br>v.<br><br>THE UNITED STATES OF AMERICA,<br><br>       Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:13-cv-00040-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This matter is before the Court under 28 U.S.C. § 636(c).  (Docket Nos. 12; 42.)  On October 29, 2013, this Court granted Defendant an extension to file certain briefs.  (Dkt. No. 37.)  The Court granted Defendant until November 15, 2013 to file a reply to its motion to dismiss (Dkt. No. 20) and to file an opposition to Plaintiff's motions to amend his complaint (Dkt. Nos. 28-29; 31-32).  (Dkt. No. 37.)

On November 15, 2013, Defendant moved for leave to file an overlength reply and opposition.  (Dkt. No. 42.)  Plaintiff has not responded to this motion.  However, on November 18, 2013, Plaintiff filed an objection to this Court's October 29, 2013 order.  (Dkt. No. 43.)  For the reasons set forth below, the Court **STRIKES** Plaintiff's objection, and it **GRANTS** Defendant's motion.

## II.     PLAINTIFF'S OBJECTION TO COURT'S ORDER

Plaintiff objects to this Court's October 29, 2013 order pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a).  (Dkt. No. 43 at 1.)[1]  However, these provisions do not apply to this matter because the parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  (Dkt. No. 12.)  Under 28 U.S.C. § 636(c), an unsatisfied party cannot file an objection regarding a magistrate judge's order with a district judge.  *See* 28 U.S.C. § 636(c)(3) (stating that in consent cases "an aggrieved party may appeal directly to the appropriate United States court of appeals from the judgment of the magistrate judge in the same manner as an appeal from any other judgment of a district court."); Fed. R. Civ. P. 73(c) (stating the same).[2]  Accordingly, the Court **STRIKES** Plaintiff's objection as procedurally improper.  (Dkt. No. 43.)

## III.    DEFENDANT'S MOTION FOR LEAVE TO FILE OVERLENGTH REPLY AND OPPOSITION

On November 15, 2013, Defendant moved for leave to file an overlength reply to its motion to dismiss (Dkt. No. 20), and to file an overlength opposition to Plaintiff's motions to amend his complaint (Dkt. Nos. 28-29; 31-32).  (Dkt. No. 42.)  Defendant attached the overlength reply and opposition to its motion.  (Dkt. No. 42-1.)  Defendant persuasively argues it needs additional pages to address the one-hundred claims Plaintiff raised in his complaint, as well as the seven additional claims he raised in his motions to amend.  (Dkt. No. 42 at 1-2.)  Plaintiff has not filed a formal response to Defendant's motion, and the time to do so has expired.  *See* DUCivR 7-1(b)(3)(B).  Given these circumstances, the Court **GRANTS** Defendant's motion.

---

[1] These provisions allow parties to object to a magistrate judge's order on a nondispositive matter where a district judge referred the nondispositive matter to the magistrate judge.

[2] In fact, Plaintiff appealed this Court's October 29, 2013 order to the Tenth Circuit Court of Appeals.  (Dkt. Nos. 39-41.)  However, the Tenth Circuit dismissed the appeal.  (Dkt. No. 44.)

## IV.     ORDERS

For the reasons set forth above, the Court issues the following orders:

The Court **STRIKES** Plaintiff's objection to the Court's October 29, 2013 order.  (Dkt. No. 43.)

The Court **GRANTS** Defendant's motion for leave to file an overlength reply and opposition, as described above.  (Dkt. No. 42.)  Defendant must file the reply and opposition with the Court by no later than **December 19, 2013**.[3]  The Court recognizes that Defendant combined its reply and opposition into one document.  (Dkt. No. 42-1.)  However, for docketing purposes, Defendant must file the combined document twice with the Court.[4]

Dated this 12th day of December, 2013.          By the Court:

_____

Dustin B. Pead
United States Magistrate Judge

---

[3] The Court will consider such a filing to be timely under its October 29, 2013 order.  (Dkt. No. 37.)

[4] Filing the reply and opposition twice will permit the docket to identify the filing once as a reply and then as an opposition.