IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

|  |  |
|---|---|
| BRADY EAMES,<br><br>          Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>          Defendant. | MEMORANDUM DECISION<br><br>Case No. 1:13-cv-00040-DBP<br><br>Magistrate Judge Dustin B. Pead |

## I.      INTRODUCTION

This matter is before the Court under 28 U.S.C. § 636(c).  (Docket No. 12.)  Pro se Plaintiff is Brady Eames.  Defendant is the United States of America.  The Court now considers the following motions: (1) Plaintiff's motion for orders, and (2) Plaintiff's two motions to strike court filings.  (Dkt. Nos. 21; 23-24.)  Plaintiff's motions stem from his belief that Defendant improperly served him with several court filings.  For the reasons discussed below, the Court **DENIES** Plaintiff's motions.

## II.      RELEVANT PROCEDURAL HISTORY

On July 2, 2013, Plaintiff filed his second amended complaint with the Court.  (Dkt. No. 13.) The Court gave Defendant until September 3, 2013 to respond to the complaint.  (Dkt. No. 10.) On August 28, 2013, Defendant moved for a seven-day extension to respond to the complaint.

(Dkt. No. 14.)  Attached to its motion, Defendant submitted a certificate of service confirming that it mailed and emailed the motion to Plaintiff.  (*Id.* at 4.)

Later on August 28, 2013, Plaintiff acknowledged that he received Defendant's motion via email.  (Dkt. No. 18-1, Ex. A.)  However, Plaintiff did not receive the hard copy of the motion that Defendant originally mailed until September 10, 2013 because Defendant inadvertently placed insufficient postage on the motion.  (Dkt. No. 18-5, Ex. E; Dkt. No. 21 at 5.)  On September 5, 2013, Defendant re-mailed a hard copy of its extension motion to ameliorate any service issues.  (Dkt. No. 18) (consisting of supplemental certificate of service.)

On August 29, 2013, this Court expedited briefing on Defendant's extension motion.  (Dkt. No. 15.)  The Court ordered Plaintiff to oppose Defendant's motion by August 30, 2013.  (*Id.*)  The Court mailed this order to Plaintiff.  To make sure Plaintiff quickly received this order, Defendant also emailed a courtesy copy of the order to Plaintiff.  Later on August 29, 2013, Plaintiff acknowledged that he received Defendant's email and that he accessed the Court's order through PACER.  (Dkt. No. 18-3, Ex. C.)

On August 30, 2013, Plaintiff filed a timely opposition to Defendant's extension motion. (Dkt. No. 17.)  Later on the same date, the Court granted Defendant's motion and extended Defendant's response deadline to September 10, 2013.  (Dkt. No. 16.)  The Court mailed its order to Plaintiff.  Also on August 30, 2013, Defendant emailed Plaintiff a courtesy copy of the order.  (Dkt. No. 18-2, Ex. B.)

On September 10, 2013, Defendant filed a motion to dismiss Plaintiff's second amended complaint.  (Dkt. No. 20.)  Defendant inadvertently mailed a draft version of this motion to Plaintiff.  (Dkt. No. 21 at 3.)  However, Defendant now states that sending Plaintiff a draft "was a one-time error."  (Dkt. No. 22 at 3.)

On September 11, 2013, Plaintiff filed a motion for orders.  (Dkt. No. 21.)  On September 13, 2013, Defendant filed an opposition to Plaintiff's motion for orders.  (Dkt. No. 22.)

### III.    PLAINTIFF'S MOTION FOR ORDERS

Plaintiff never consented to receive service of papers via email.  (Dkt. No. 21 at 1-2.)  *See* Fed. R. Civ. P. 5(b)(2)(E) (permitting service of papers "by electronic means" only if a person consents to such service in writing).  Instead, Plaintiff asserts that Defendant should only serve papers on him via conventional mail.  (Dkt. No. 21 at 2.)  *See* Fed. R. Civ. P. 5(b)(2)(C) (permitting service of papers by "mailing [them] to the person's last known address . . . .").

Given Plaintiff's position on service, Plaintiff felt "confusion and concern" when Defendant sent Plaintiff courtesy emails of its motion (Dkt. No. 14) and the court orders (Dkt. Nos. 15; 16) discussed above.  (Dkt. No. 21 at 1.)  Plaintiff believes that all email communications between him and Defendant "have not been lawful . . . ."  (*Id.* at 3.)

To address his concerns, Plaintiff filed a "Motion for Orders" with the Court.  (Dkt. No. 21.)  Plaintiff moves the Court to prohibit Defendant from communicating with Plaintiff via email.  (*Id.* at 5.)  Plaintiff also moves the Court to strike all past email communications between him and Defendant "which have been electronically filed with the Court . . . ."  (*Id.* at 6.)  Plaintiff further moves for an order that requires Defendant to conventionally mail to Plaintiff "all past emails" exchanged between him and Defendant. (*Id.* at 5.)

Additionally, Plaintiff moves for an order that requires Defendant to "conventionally mail[]" all papers to Plaintiff.  (Dkt. No. 21 at 5.)  Plaintiff also moves for an order to "ascertain that" Defendant's "conventional mailing meter is operating correctly."  (*Id.* at 6.)  Plaintiff further moves the Court to order Defendant to identify "as drafts" any draft motions that Defendant serves on Plaintiff.  (*Id.* at 5.)

Defendant opposes Plaintiff's motion. (Dkt. No. 22.) Regarding Plaintiff's request to strike past emails and prohibit future emails, Defendant argues that Plaintiff "has no legal, rational, or logical authority on which to base such a request." (*Id.* at 2.) This Court agrees. Defendant's decision to send Plaintiff courtesy emails of court filings violates no law. Similarly, Plaintiff points to no law that prohibits general email communications between parties.

Along the same lines, the Court sees no reason to order Defendant to conventionally mail to Plaintiff all past email communications between Defendant and Plaintiff. Plaintiff "clearly possesses all of the email correspondence between him and [Defendant]." (*Id.* at 3.)

Defendant persuasively argues there is no need to affirmatively order conventional mail service. Defendant has always complied with the conventional mail service requirements at Fed. R. Civ. P. 5(b)(2)(C) by mailing Plaintiff "every document that it has filed with this Court." (Dkt. No. 22 at 3 n.1.)

Defendant also opposes as unnecessary Plaintiff's request to identify draft documents as "drafts." Defendant concedes it committed a "one-time" error by mailing Plaintiff a draft version of its motion to dismiss. (*Id.* at 3.) However, since that time, Defendant has served Plaintiff with filings "that bear the CM/ECF file stamp at the top, which clearly shows that the document[s] [are] 'final.'" (*Id.*) Because Defendant corrected its error, the Court will not grant Plaintiff's request on this issue.

Defendant likewise opposes as unnecessary Plaintiff's request to certify that Defendant's mail meter machine is working. Aside from Defendant's extension motion (Dkt. No. 14), Plaintiff "has received all subsequent filings with appropriate postage." (Dkt. No. 22 at 3.) Given these circumstances, the Court sees no reason for Defendant to certify that its mail meter machine functions properly.

## IV.    PLAINTIFF'S MOTIONS TO STRIKE MOST OF THE COURT FILINGS

Based on the same alleged service deficiencies identified in his motion for orders (Dkt. No. 21), Plaintiff moves to strike numerous court filings and requests default judgment (Dkt. Nos. 23-24).  Plaintiff moves to strike Defendant's August 28, 2013 extension motion (Dkt. No. 14).  Plaintiff also moves to strike this Court's August 29, 2013 order expediting briefing on Defendant's motion (Dkt. No. 15).  He moves to strike his own opposition to Defendant's extension motion (Dkt. No. 17).  Plaintiff further moves to strike this Court's August 30, 2013 order granting Defendant's extension motion (Dkt. No. 16).  Plaintiff moves to strike Defendant's motion to dismiss (Dkt. No. 20).  Plaintiff also moves to strike his own motion for orders (Dkt. No. 21) and Defendant's opposition to the motion (Dkt. No. 22).

The Court rejects the service deficiency arguments in Plaintiff's motions to strike (Dkt. No. 23-24) for the same reasons it rejected such arguments when analyzing Plaintiff's motion for orders (Dkt. No. 21).  *See supra* Part III.

However, Plaintiff also asserts a new argument in his motions to strike.  Plaintiff believes the Court should strike the aforementioned filings because he was not in "actual receipt" of a hard copy of Defendant's extension motion (Dkt. No. 14) when the Court expedited briefing on the motion (Dkt. No. 15) and granted the motion (Dkt. No. 16).  (Dkt. Nos. 23 at 4; 24 at 5.) Essentially, Plaintiff believes his lack of "actual receipt" of Defendant's extension motion invalidates all motions and orders filed subsequent to Defendant's extension motion.

Defendant opposes Plaintiff's motions to strike.  (Dkt. No. 25.)  Defendant argues that it complied with the conventional mail service requirements at Fed. R. Civ. P. 5(b)(2)(C).  (*Id.* at 3-4.)  Defendant further argues that even if it failed to comply with such service requirements,

Plaintiff suffered no prejudice because he timely opposed Defendant's extension motion before the Court ruled on the motion. (*Id.*)

The Court agrees with Defendant's opposition. Defendant complied with conventional mail service requirements at the moment it mailed its extension motion to Plaintiff. *See* Fed. R. Civ. P. 5(b)(2)(C) (noting conventional mail "service is complete upon mailing . . . ."). Defendant's service was not invalidated because Plaintiff was not in physical receipt of Defendant's motion when the Court ruled on it. *See United States v. Mixon*, No. 96-40065-01-RDR, 1997 WL 685361, at *2 (D. Kan. Oct. 8, 1997) (unpublished) ("Non-receipt does not generally affect the validity of service.") (citation omitted).

Even assuming Defendant failed to comply with conventional mail service requirements, Plaintiff suffered no prejudice from defective service. Defendant sent Plaintiff courtesy emails of its extension motion and this Court's expedited briefing order. Such actual notice permitted Plaintiff to file a timely opposition to Defendant's extension motion. *See Coker v. Dallas Cnty. Jail*, 3:05-CV-0005-M, 2007 WL 3022575, at *7 (N.D. Tex. Oct. 17, 2007) (unpublished) (denying motion to strike affidavits due to insufficient Rule 5 service because movants suffered no "prejudice[]" where they received electronic notice of the affidavits and had the "opportunity to reply.").

**V.      ORDERS**

For the reasons set forth above, the Court issues the following **ORDERS**:

The Court **DENIES** Plaintiff's motion for orders.  (Dkt. No. 21.)

The Court **DENIES** Plaintiff's motions to strike and for default judgment.  (Dkt. Nos. 23-24.)

Dated this 1st day of May, 2014.                    By the Court:

_____
Dustin B. Pead
United States Magistrate Judge