# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| **BRADY EAMES,**<br><br>      **Plaintiff,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br><br>      **Defendant.** | **MEMORANDUM DECISION**<br><br>**Case No. 1:13-cv-00040-DBP**<br><br>**Magistrate Judge Dustin B. Pead** |

## I.  INTRODUCTION

The parties consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  (Docket No. 12.)  On February 22, 2013, pro se Plaintiff filed his original complaint.  (Dkt. No. 1.)  On May 15, 2013, Plaintiff filed his first amended complaint.  (Dkt. No. 2.)  On July 2, 2013, Plaintiff filed his second amended complaint.  (Dkt. No. 13.)

The Court now considers: (1) Defendant's motion to dismiss Plaintiff's second amended complaint or in the alternative motion for summary judgment (Dkt. No. 20); and (2) Plaintiff's four motions to amend his second amended complaint (Dkt. Nos. 28-29; 31-32.)  For the reasons set forth below, the Court **GRANTS** Defendant's motion and **DENIES** Plaintiff's motions.

## II.   DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT

Plaintiff's second amended complaint raises claims numbered 2 through 100.[1]  These claims allege that Defendant, through numerous government agencies, failed to publish information in the Federal Register ("F.R."), Code of Federal Regulations ("C.F.R."), and executive orders, as well as failed to provide information about and access to various government committees/ meetings.  (*See generally* Dkt. No. 13.)

On September 10, 2013, Defendant moved to dismiss Plaintiff's second amended complaint under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction and under Fed. R. Civ. P 12(b)(6) for failure to state a claim upon which relief can be granted.  (Dkt. No. 20.)  For the reasons set forth in Defendant's motion and further analyzed below, this Court **GRANTS** Defendant's motion.

### A.  Lack of Subject-Matter Jurisdiction Under Fed. R. Civ. P. 12(b)(1)

Defendant moves to dismiss the majority of Plaintiff's second amended complaint for lack of subject-matter jurisdiction because Plaintiff failed to: (1) establish standing; (2) exhaust his Freedom of Information Act ("FOIA") administrative remedies; and (3) show some of his claims are not moot.  (Dkt. No. 20. at 2, 15 n. 5.)[2]  Although not raised by Defendant, the Court also discusses its subject-matter jurisdiction over Plaintiff's FOIA claims under the Administrative Procedures Act ("APA").

---

[1] There is no claim 1.  Plaintiff brings two claims both numbered 95.

[2] Defendant also argues that Plaintiff failed to establish a waiver of sovereign immunity under FOIA for claims 2-11, 13, 18-27, 31-32, 42-44, 48, 52-56, 58, 63-64, 69-70, 72-76, 81-86, and 96-100, and that Plaintiff failed to establish a waiver of sovereign immunity under the Administrative Procedures Act ("APA") for claims 9-13, 33, 43, 65-66, 71, 80-94, and the second claim 95.  (Dkt. No 20 at 7-13.)  However, the Court does not address sovereign immunity in this decision because the Court dismisses the complaint for other reasons.

**i.    *Lack of Article III Standing for Claims 2-14, 17-27, 31-33, 38, 40-44, 48, 52-59, 62-66, 69, 72-76, 78, 80-86, and 96-100 Due to Lack of Injury***

Claims 2-14, 17-27, 31-33, 38, 40-44, 48, 52-59, 62-66, 69, 72-76, 78, 80-86, and 96-100 allege that Defendant "unlawfully withheld performing its official" procedural duties, duties of guidance, and duties of disclosure to Plaintiff.  (*See generally* Dkt. No. 13.)  More specifically, Defendant failed to publish certain information in the U.S.C., F.R., C.F.R., executive orders, a government committee charter, online, and to Congress.  Defendant also failed to make the F.R. available for sale.  (*Id.* ¶ 78.)  Notably, these claims do not assert that Plaintiff specifically requested any of the information at issue.

Defendant moves to dismiss these claims because Plaintiff failed to establish Article III or prudential standing.[3]  *See Ash Creek Mining Co. v. Lujan*, 969 F.2d 868, 874 (10th Cir. 1992) ("Article III of the Constitution limits the judicial power of federal courts to the resolution of cases and controversies. . . . One of the requirements of a case or controversy is that the plaintiff have standing to challenge the action sought to be adjudicated in the lawsuit.") (internal quotation marks and citation omitted).

More specifically, Defendant moves to dismiss the aforementioned claims because they "could be brought by anyone and everyone," and they fail to include "any factual allegation[s] as to how or why" Plaintiff "has suffered a 'distinct and palpable injury to himself.'"  (Dkt. No. 20 at 5.)  969 F.2d at 875 (reiterating that, for Article III standing, a plaintiff "must show a distinct and palpable injury to itself," and noting that a "right to have the Government act in accordance with law is not sufficient . . . to confer jurisdiction on a federal court . . . .") (internal quotation marks and citation omitted).

---

[3] Defendant also moves to dismiss claims 15-16, 29, 34-37, 39, 45-46, 67-68, 77, 79, and 87-95 for lack of standing.  However, the Court addresses these claims elsewhere in its decision.

In his amended opposition to Defendant's motion to dismiss, Plaintiff claims standing under the APA, 5 U.S.C. § 702.  (Dkt. No. 30 at 3-5.)[4]  5 U.S.C. § 702 provides that "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof."

Under the APA, Plaintiff clarifies that Defendant injured his "strong interest in administrative law" by failing to publish information he wished to "study."  (Dkt. No. 30 at 1.)  However, Plaintiff concedes that if he "has suffered such guidance injury, 'anyone' and 'everyone' has also."  (*Id.* at 4.)

The APA does not provide a substitute for Article III standing.  *See Match-E-Be-Nash-She-Wish Band of Pottawataomi Indians v. Patchak*, 132 S. Ct. 2199, 2210 (2012) ("[A] person suing under the APA must satisfy not only Article III's standing requirements, but an additional test" related to prudential standing) (internal quotation marks omitted).  In other words, Plaintiff must still allege a distinct and palpable injury to himself before invoking the APA.

Unfortunately, injury to Plaintiff's interest in administrative law caused by Defendant's unlawful failure to publish information is not distinct or palpable enough to invoke standing under the APA.  *See Sierra Club v. Morton*, 405 U.S. 727, 739 (1972) (denying standing to environmental organization because "a mere interest in a problem . . . is not sufficient by itself to

_____

[4] Plaintiff repeatedly states that he lacks a private right of action under the Federal Register Act ("FRA") and the Federal Advisory Committee Act ("FACA").  (Dkt. No. 30 at 6-7, 10-11, 13, 17-18.)  The Court accepts Plaintiff's statements on this point for purposes of this decision.  *See also Colo. Envtl. Coal. v. Wenker*, 353 F.3d 1221, 1234-35 (10th Cir. 2004) (concluding that FACA does not "contain[] a private right of action for those seeking to enforce the procedural requirements attending the creation and operation of federal advisory committees . . . ."); *Utah Ass'n of Cntys. v. Bush*, 316 F. Supp. 2d 1172, 1194 (D. Utah 2004) (reiterating that FACA "provide[s] no private right of action to an aggrieved party.").

render the organization adversely affected or aggrieved within the meaning of the APA . . . .")
(internal quotation marks omitted).[5]

### ii. *Lack of Prudential Subject-Matter Jurisdiction Over Claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 for Failure to Exhaust FOIA Administrative Remedies*

Claims 2-5, 7-9, 18-27, 31-32, 42-44, 48, 52-56, 58, 63-64, 69, 72-76, 81-86, and 96-100

allege that Defendant violated FOIA, 5 U.S.C. §§ 552(a)(1) and (a)(2), when it failed to publish

certain information in the F.R.,C.F.R., and electronically.[6]

Claims 47, 51, and 70 allege that Defendant violated FOIA, 5 U.S.C. § 552(a)(3), when it

failed to provide various records and regulations in response to Plaintiff's FOIA requests.[7]

Claims 45-46 allege that Defendant violated FOIA, 5 U.S.C. § 552(a)(6)(A)(i), by failing to

notify Plaintiff of his right to appeal adverse FOIA adjudications to the heads of the agencies that

adversely adjudicated his FOIA requests.[8]

---

[5] *See also Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 483 (1982) ("[A]ssertion of a right to a particular kind of Government conduct, which the Government has violated by acting differently, cannot alone satisfy the requirements of Art. III without draining those requirements of meaning."); *United States v. Richardson*, 418 U.S. 166, 176-77 (1974) (denying standing to a plaintiff based on his "generalized grievance" that CIA violated the Constitution when it failed to publish expenditure statements that resulted in plaintiff not being able to "intelligently follow the actions of Congress or the Executive . . . .").

[6] 5 U.S.C. § 552(a)(1) requires agencies to publish certain records in the Federal Register while 5 U.S.C. § 552(a)(2) requires agencies to make available for public inspection other records. *See Schindler Elevator Corp. v. United States ex rel. Kirk*, 131 S. Ct. 1885, 1894 (2011) ("FOIA requires agencies to release some records even absent a request. See 5 U.S.C. §§ 552(a)(1), (2).").

[7] "[E]ach agency, upon any request for records . . . shall make the records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

[8] "Each agency, upon any request for records . . . shall immediately notify the person making such request . . . of the right of such person to appeal to the head of the agency any adverse determination . . . ." 5 U.S.C. § 552(a)(6)(A)(i).

Claims 87 through the first claim numbered 95 allege that Defendant violated FOIA, 5 U.S.C. § 552(a)(6)(A)(i)-(ii), by adversely adjudicating Plaintiff's FOIA requests without identifying the individuals adjudicating the requests in the C.F.R. The second claim numbered 95 alleges that Defendant violated FOIA, 5 U.S.C. § 552(h)(3), by failing to identify the director who adversely adjudicated Plaintiff's FOIA disputes in the C.F.R.[9]

In his opposition to Defendant's motion to dismiss, Plaintiff states that he lacks a private right of action under FOIA, 5 U.S.C. §§ 552(a)(1)-(2), and (a)(6)(A)(i). (Dkt. No. 30 at 6-7, 10, 13-14, 17.) However, Plaintiff does noes not state that he lacks a private right of action under FOIA, 5 U.S.C. §§ 552(a)(3), (a)(6)(A)(ii), or (h)(3). To provide a complete subject-matter jurisdiction analysis, the Court therefore addresses its subject-matter jurisdiction under FOIA.

FOIA provides district courts with "jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B). However, the Tenth Circuit has held that a party's "failure to exhaust administrative remedies under FOIA . . . is a prudential consideration" that courts "take[] into account in determining whether to exercise subject matter jurisdiction." *Hull v. I.R.S.*, 656 F.3d 1174, 1181-82 (10th Cir. 2011) (citations omitted). *See also Trenerry v. IRS*, 78 F.3d 598, at *1 (10th Cir. Mar. 1, 1996) (unpublished) ("[T]he district court lacked subject matter jurisdiction over this action where plaintiff has failed to exhaust her administrative remedies" regarding her FOIA requests).

Defendant moves to dismiss all of Plaintiff's FOIA claims because he failed "to plead that he exhausted his administrative remedies." (Dkt. No. 20 at 15 n.5.) This Court agrees with

---

[9] 5 U.S.C. § 552(h)(3) requires the Office of Government Information Services to "offer mediation services to resolve disputes between persons making requests . . . and administrative agencies as a non-exclusive alternative to litigation . . . ."

Defendant's reasoning and concludes that it lacks prudential subject-matter jurisdiction over Plaintiff's FOIA claims.

As to claims 2-5, 7-9, 18-27, 31-32, 42-44, 48, 52-56, 58, 63-64, 69, 72-76, 81-86, and 96-100, Plaintiff failed to plead that he exhausted his FOIA administrative remedies because nothing in his pleadings indicates that he submitted FOIA requests for the records that Defendant failed to publish in the F.R., C.F.R., and electronically. As a result, the Court dismisses these claims for lack of prudential subject-matter jurisdiction. *See Hull*, 656 F.3d at 1180 ("[C]ourts have often held that a party's failure to file a FOIA request that complies with the agency's rules and procedures for filing such a request constitutes failure to exhaust administrative remedies."); *Durham v. United States*, No. CIV 08-0201 JB/ACT, 2008 WL 5978929, at *1 (D.N.M. Dec. 30, 2008) (unpublished) (dismissing FOIA complaint for lack of subject-matter jurisdiction because complaint bore "no indication that [the plaintiff] pursued his FOIA request before filing a suit in this Court.").

As to claims 45-47, 51, 70, and 87 through both claims numbered 95, Plaintiff failed to plead that he administratively appealed his adverse FOIA determinations and questions about the individuals who made such determinations. Plaintiff's failure to demonstrate that he exhausted his FOIA administrative remedies by following proper administrative appellate procedures leads the Court to dismiss these claims. *See Scherer v. U.S. Dep't of Educ.*, No. 03-3021, 2003 WL 22376994, at *2 (10th Cir. Oct. 17, 2003) (unpublished) (dismissing a plaintiff's FOIA claims because he failed to "administratively appeal the initial denial" of his FOIA requests).

### iii. *Lack of Subject-Matter Jurisdiction Under APA for Claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 Because Such Claims May be Brought Under FOIA*

To reiterate, claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 allege that Defendant violated FOIA. As discussed above, this Court concludes it lacks prudential subject-matter jurisdiction over these claims because Plaintiff failed to plead that he exhausted his FOIA administrative remedies regarding these claims prior to filing this complaint.

From what this Court can gather, in his opposition to Defendant's motion to dismiss, Plaintiff tries to circumvent FOIA's administrative exhaustion requirements by bringing his defective FOIA claims directly under the APA.

The APA allows judicial review for "final agency action for which there is no other adequate remedy in a court . . . ." 5 U.S.C. § 704. However, "Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action." *Bowen v. Massachusetts,* 487 U.S. 879, 903 (1988).

Relevant here, "[s]ection 704 of the APA clearly prohibits [a plaintiff] from asserting both a FOIA and an APA claim [] in the same litigation . . . ." *Rimmer v. Holder*, 700 F.3d 246, 252 (6th Cir. 2012) (rejecting a plaintiff's argument that "district court's ruling against his FOIA request demonstrates that FOIA did not provide him with an alternate remedy" because "[a]dequacy does not depend on a party's ability to prevail on the merits," and "relief will be deemed adequate 'where a statute affords an opportunity for *de novo* district-court review of the agency action.'") *id.* at 261-62. *See also Cagan v. Holder*, Civil Action No. 11-cv-03062-BNB, 2011 WL 6216971, at *2 (D. Colo. Dec. 14, 2011) (unpublished) ("[B]ecause all of the relief

[the plaintiff] seeks in this action is available under FOIA, he may not pursue the same relief

under the APA and the APA claim will be dismissed.").[10]

In this case, the FOIA statute provides a procedure to review Defendant's FOIA violations.

Indeed, this Court reviewed Defendant's actions under the FOIA statute and found that Plaintiff

had failed to plead exhaustion of his administrative remedies under that statute. The Court

believes its analysis constitutes an adequate remedy for reviewing Defendant's FOIA violations.

Therefore, the Court concludes that it lacks subject-matter jurisdiction under the APA to review

Plaintiff's FOIA claims because FOIA already provides a review process for these claims. *See*

*Barragan v. Bd. of Governors of Fed. Reserve Sys.*, No. CV 11-696 CAS (JCx), 2012 WL

1535820, at *2 (C.D. Cal. Apr. 30, 2012) (unpublished) (dismissing FOIA claim for lack of

standing due to FOIA request error and denying leave to amend to bring identical APA claim

because "relief may be available under FOIA, and plaintiff must therefore follow FOIA's

administrative procedures.").

iv.    *Lack of Subject-Matter Jurisdiction for Claims 16-17, 39-40, and 60 due to Mootness*

Defendant moves to dismiss claims 16-17, 39-40, and 60 due to mootness.[11] *See McClendon*

*v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) ("Mootness is a threshold issue

because the existence of a live case or controversy is a constitutional prerequisite to federal court

---

[10] *See also Walsh v. U.S. Dep't of Veterans Affairs*, 400 F.3d 535, 537 (7th Cir. 2005) (denying a plaintiff's attempt to obtain judicial review of FOIA claim under the APA because "FOIA provides an adequate remedy."); *Samahon v. F.B.I.*, Civil Action No. 12-4839, 2014 WL 4179933, at *23 (E.D. Pa. Aug. 25, 2014) (unpublished) ("When . . . the FOIA provides an alternate adequate remedy, a plaintiff is precluded from seeking relief directly under the APA's judicial review provisions."); *Feinman v. F.B.I.*, 713 F. Supp. 2d 70, 76 (D.D.C. 2010) ("This Court and others have uniformly declined jurisdiction over APA claims that sought remedies made available by FOIA.").

[11] Defendant also argues that claims 59 and 61 are moot. However, the Court addresses these claims elsewhere in its decision.

jurisdiction."); *Utah Shared Access Alliance v. Carpenter*, 463 F.3d 1125, 1134 (10th Cir. 2006) ("Federal courts may adjudicate only actual controversies; as such a claim or appeal should be dismissed as moot when the controversy ceases to exist.").

1. **Claims 16-17 and 39-40**

Claims 16 and 39 allege that Defendant unlawfully closed meetings of the President's Economic Recovery Advisory Board ("PERAB") and the President's Council on Jobs and Competitiveness ("PCJC"). Claims 17 and 40 allege that Defendant failed to include language in the executive orders establishing PERAB and PCJC that required the committees' advice and recommendations to not be inappropriately influenced by special interests.

Defendant asks the Court to dismiss these claims as moot because neither PERAB nor PCJC still exist. (Dkt. No. 20 at 6-7.)[12] Plaintiff's request "to allow him to attend [] meetings and to change . . . charter[s]" of non-existent advisory committees "would provide no meaningful relief whatsoever." (Dkt. No. 48 at 5.) *See Kennecott Utah Copper Corp. v. Becker*, 186 F.3d 1261, 1266 (10th Cir. 1999) ("[T]he core question in [a] mootness inquiry is whether granting a present determination of the issues offered will have some effect in the real world.") (internal quotation marks and alteration omitted).

This Court agrees with Defendant. Where both PERAB and PCJC no longer exist, this Court cannot grant Plaintiff relief by allowing him to attend defunct meetings and to amend defunct committee charters. *See Int'l Found. for Genetic Research v. Shalala*, 57 F.3d 1066, at *2 (4th Cir. June 16, 1995) (unpublished) (dismissing plaintiff's request to enjoin an advisory committee

---

[12] The President created PERAB as a federal advisory committee on February 6, 2009 and its existence expired two years later when the President chose not to renew it. Exec. Order No. 13501, 74 Fed. Reg. 6,983 (Feb. 6, 2009); 5 U.S.C. App. 2 § 14(a)(2). Similarly, the President created PCJC as a federal advisory committee on January 31, 2011 and its existence expired two years later through nonrenewal. Exec. Order No. 13564, 76 Fed. Reg. 6,309 (Jan. 31, 2011).

from meeting and issuing recommendations as moot where the committee had already concluded its meetings, issued its recommendations, and no longer existed).

Nevertheless, Plaintiff argues that PERAB's and PCJC's "expiration does not deprive the Court from hearing and determining [PERAB and PCJC related] claims" because the President "may establish another Federal advisory committee that closes its meetings to attendance by the Plaintiff and that is inappropriately influenced . . . ." (Dkt. No. 30 at 7-8.) In essence, Plaintiff argues that Defendant's actions are not moot because they are "capable of repetition, yet evading review. . . ." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975).

This Court dismisses Plaintiff's argument on this point. Plaintiff's fear that the President will form another committee that commits similar wrongs is "a mere physical or theoretical possibility [] [in]sufficient to satisfy the" capable of repetition, yet evading review test. *Murphy v. Hunt*, 455 U.S. 478, 482 (1982). To satisfy this test, Plaintiff must show: "(1) the challenged action was in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there was a reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein*, 423 U.S. at 149. Plaintiff has failed to set forth any allegations in his complaint or opposition to Defendant's motion to dismiss to meet this test for overcoming mootness.

### 2. Claim 60

Claim 60 alleges that Defendant violated the Federal Advisory Committee Act (" FACA") because, after Plaintiff submitted a FACA request, Defendant failed to provide Plaintiff certain information about the Committee on the Determination of Essential Health Benefits ("CDEHB").

Defendant moves to dismiss claim 60 as moot because CDEHB no longer exists and all the information Plaintiff seeks about CDEHB has been publically published.[13] (Dkt. Nos. 20 at 7; 48 at 8-10.) This Court agrees with Defendant's reasoning and finds claim 60 moot. *See Citizens for Responsibility & Ethics in Washington v. Duncan*, 643 F. Supp. 2d 43, 50 (D.D.C. 2009) ("A claim arising under FACA for declaratory judgment will become moot when the working group has been terminated and all appropriate working group documents have been publicly released.") (internal quotation marks omitted); *Byrd v. U.S. E.P.A.*, 174 F.3d 239, 244 (D.C. Cir. 1999) ("If [the plaintiff] had simply complained that EPA failed to release the documents he requested, his alleged injury could not be redressed by any action of this Court because he ultimately received the materials.").

**B. Failure to State a Claim for Relief Under Fed. R. Civ. P. 12(b)(6)**

The only claims remaining after the Court's Fed. R. Civ. P. 12(b)(1) analysis are claims 15, 28-30, 34-37, 49-50, 61, 67-68, 71, 77, and 79. For the reasons set forth below, the Court dismisses these claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.[14] The Court also dismisses Plaintiff's FOIA claims under Fed. R. Civ. P. 12(b)(6) as an alternative basis for dismissal in addition to lack of subject-matter jurisdiction.

---

[13] The publicly published information about CDEHB may be located at INST. OF MED., *Determination of Essential Health Benefits* (Oct. 3, 2011), http://www.iom.edu/Activities/HealthServices/EssentialHealthBenefits.aspx. The Court considers this publicly published information as part of this motion to dismiss because the information relates to this Court's jurisdiction. *See Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1296 (10th Cir. 2003) ("When a party challenges the allegations supporting subject-matter jurisdiction," including mootness, "the court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts" without converting the motion to dismiss into a summary judgment motion).

[14] Defendant moves to dismiss claims 2-11, 13, 18-32, 34-37, 42-48, 49-56, 58, 63-64, 69, 70, 72-76, 81-86, and 96-100 for failure to state a claim upon which relief can be granted. (Dkt. No.

### i.  Failure to State a Claim for Claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 due to Failure to Identify Proper FOIA Parties

Plaintiff's second amended complaint lists "The Government of the United States" as the only Defendant.  (Dkt. No. 13 at 1.)  Claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 all allege that Defendant, i.e., the Government of the United States, violated FOIA.

Defendant moves to dismiss all of Plaintiff's FOIA claims because the "United States is not the proper party defendant in a FOIA action."  (Dkt. No. 20 at 13.)  This Court agrees with Defendant where FOIA only gives district courts jurisdiction to "enjoin the *agency* from withholding agency records and to order the production of any *agency* records improperly withheld from the complainant."  5 U.S.C. § 552(a)(4)(B) (emphasis added).

Because the entire "Government of the United States" is not an agency under FOIA, Plaintiff brings the aforementioned FOIA claims against the wrong party and therefore fails to state a claim upon which relief can be granted.  *See Batton v. Evers*, 598 F.3d 169, 173 n.1 (5th Cir. 2010) ("[N]either the United States nor [IRS Commissioner] is a proper party to this [FOIA] action."); *Barvick v. Cisneros*, 941 F. Supp. 1015, 1017 n.2 (D. Kan. 1996) ("[T]he proper party defendant in a FOIA action is the agency . . . ."); *Gary Energy Corp. v. U.S. Dep't of Energy*, 89 F.R.D. 675, 677 (D. Colo. 1981) ("I agree with the recent trend of district court decisions which have ruled that FOIA suits may be brought only against the agency and not against individuals or the government itself.").[15]

---

20 at 13.)  For the sake of brevity, the Court only addresses Defendant's most well developed arguments for dismissal.

[15] *See also Da Costa v. U.S. Gov't*, No. 10 Civ. 169(PAC)(FM), 2011 WL 846701, at *1 n.1 (S.D.N.Y. Feb. 22, 2011) (unpublished) ("The 'U.S. Government' is not a proper defendant in this action" because "a FOIA action must be brought against a federal agency."); *Huertas v. United States*, No. Civ. 04-3361(RBK), 2005 WL 1719143, at *7 (D.N.J. July 21, 2005)

### ii.  Failure to State Cognizable APA Claim for Underlying Violations at Claims 15, 28-30, 34-37, 49-50, 61, 67-68, 71, 77, and 79

In his opposition to Defendant's motion to dismiss, Plaintiff repeatedly states he is pursuing his claims under the APA, 5 U.S.C. § 702.  Therefore, the Court analyzes all remaining claims under the APA.  The APA, 5 U.S.C. § 702, authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute . . . ."  "'[A]gency action' includes the whole or a part of an agency rule, order, license, sanction, relief, or the equivalent or denial thereof, *or failure to act* . . . ."  5 U.S.C. § 551(13) (emphasis added).

Claims 15, 28-30, 34-37, 49-50, 61, 67-68, 71, 77, and 79 allege that Defendant violated FACA or other legal provisions by failing to respond to Plaintiff's FACA requests, failing to open federal advisory committee meetings to the public, or failing to make the U.S.C. and F.R. available at Plaintiff's local library.  Accordingly, the Court interprets Plaintiff's claims as APA claims brought under 5 U.S.C. § 706(1), which allows a court to "compel agency action unlawfully withheld or unreasonably delayed . . . ."  *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 62 (2004) (reiterating that 5 U.S.C. § 706(1) "provides relief for a failure to act . . . .").

Relevant here, "a claim under § 706(1) can proceed only where a plaintiff asserts that an agency failed to take a *discrete* agency action that it is *required to take*."  *Id.* at 64.  In other

---

(unpublished) ("[T]he only proper party to an action for improperly withheld information would be the agency that denied the request, not the United States . . . ."); *Smilde v. Rossotti*, No. 99 C 5758, 2000 WL 960738, at *2 (N.D. Ill. July 10, 2000) (unpublished) ("Neither the heads of agencies, nor the United States of America are proper party defendants under the FOIA."); *Maginn v. U.S. I.R.S.*, Civ. A. No. 92-313, 1995 WL 355241, at *4 (W.D. Pa. May 29, 1992) (unpublished) (dismissing complaint because "United States is not a proper party in a FOIA suit.").

words, "the only agency action that can be compelled under the APA is action legally *required.*" *Id.* at 63.

Because claims 15, 28-30, 34-37, 49-50, 61, 67-68, 71, 77, and 79 all fail to implicate any discrete agency action that is legally required to be taken, the claims are not cognizable under the APA. Therefore, the Court dismisses these claims for failure to state a claim under the APA for which this Court can provide relief.

### 1. **Claim 15**

Claim 15 alleges that Defendant failed to respond to "a certain FACA request" for "the determination of the Director of the OPM [Office of Personnel Management] to close all the meetings of the PCWHF [President's Commission on White House Fellowships] to public attendance."

The only support Plaintiff cites for this claim is 41 C.F.R. § 102-3.155. 41 C.F.R. § 102-3.155(d) states "the Designated Federal Officer [] must . . . [a]ssure public access to determination[s]" to close advisory committee meetings. This provision further states that "[t]he agency head or the chairperson of an independent Presidential advisory committee must make a copy of the determination [regarding closing an advisory committee meeting] available to the public upon request."

To state a cognizable claim under APA, 5 U.S.C. § 706(1), this Court must be able to discern that an agency failed to take a discrete action it was legally required to take. The Court cannot discern this information from claim 15. Plaintiff fails to plead any facts showing how Defendant - the Government of the United States - or the entire Office of Personnel Management is the proper "Designated Federal Officer," "agency head," or "chairperson" for responding to

Plaintiff's FACA request.  Furthermore, Plaintiff fails to plead any facts showing when or how "all" PCWHF meetings have been closed to the public.

### 2.  __Claim 28__

Claim 28 alleges that Defendant failed to respond to Plaintiff's FACA request for information about an "NCFLMR" advisory committee meeting.  More specifically, Defendant failed to provide Plaintiff "the position paper drafted by the 'unions' with respect to the 'legal issues' surrounding the" FACA.  Defendant also failed to provide Plaintiff "documentation of the course of action taken by 'Working Group Five' upon the production of such paper."

Defendant moves to dismiss claim 28 under Fed. R. Civ. P. 12(b)(6) because Plaintiff "has not provided any facts showing how the 'position paper' and 'documentation of the course of action taken by 'Working Group Five' were FACA materials to which [Plaintiff] [was] plausibly entitled to obtain."  (Dkt. No. 20 at 16 n.6.)

This Court agrees with Defendant's reasoning because Plaintiff fails to plead how Defendant's failure to provide the information he seeks in Claim 28 implicates a discrete and legally required agency action under the APA.

### 3.  __Claims 29-30__

Claims 29-30 allege that Defendant failed to respond to "certain" FACA request about "Federal labor-management advisory committees" created under Exec. Order No. 13522, 74 Fed. Reg. 66,203 (Dec. 9, 2009).

Defendant moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6) because "they are too deficient in factual content[] to plead a plausible claim for relief."  (Dkt. No. 20 at 16.) Plaintiff "does not state what his 'certain FACA request' sought, when it was sent, and what kind of 'FACA information' the named government agencies allegedly withheld."  (*Id.*)  Moreover,

Plaintiff fails to plead how Exec. Order No. 13522 established advisory committees for FACA purposes where the order only created "Labor-Management forums," not advisory committees. (*Id.* at 17.)

The Court agrees with Defendant's reasoning. Given Plaintiff's failure to plead sufficient facts for claims 29-30, this Court cannot discern whether these claims implicate a discrete and legally required agency action under the APA.

### 4. **Claims 34-37**

Claims 34-37 allege that Defendant violated FACA, 5 U.S.C. App. 2 § 10(a)(3), by failing to open federal advisory committee meetings to the public. *See* 5 U.S.C. App. 2 § 10(a)(3) ("Interested persons shall be permitted to attend, appear before, or file statements with any advisory committee, subject to such reasonable rules or regulations as the Administrator may prescribe.").

Defendant moves to dismiss claims 34-37 under Fed. R. Civ. P. 12(b)(6) because Plaintiff "failed to plead any facts showing how the committee meetings he reference[d] were indeed closed to the public or that he was unable to participate." (Dkt. No. 20 at 17.) To support this argument, Defendant cites numerous Federal Register notices that announced the relevant meetings to the public. (*Id.* at 17-18.)[16]

Plaintiff does not dispute that all the committee meetings identified in claims 34-37 were announced to the public in compliance with 5 U.S.C. App. 2 § 10(a)(3). Instead, he counters that Defendant still violated 5 U.S.C. App. 2 § 10(a)(3) because Plaintiff could not physically attend

---

[16] *See* 76 Fed. Reg. 10,032 (Feb. 23, 2011); 76 Fed Reg. 29,752 (May 23, 2011); 76 Fed. Reg. 53,901 (Aug. 30, 2011); 76 Fed. Reg. 65,511 (Oct. 21, 2011); 77 Fed. Reg. 12,841 (Mar. 2, 2012); 77 Fed. Reg. 38,065 (June 26, 2012).

the relevant committee meetings and instead had to "view the meetings via web cast or via teleconference . . . ." (Dkt. No. 30 at 12.)

Plaintiff cites no law for his belief that "attend" in 5 U.S.C. App. 2 § 10(a)(3) mandates physical attendance rather than attendance via web cast or teleconference. As a result, the Court concludes that Plaintiff has failed to plead a cognizable claim under APA. That is, Plaintiff has not alleged how Defendant failed to take discrete, legally required agency action where the relevant committee meetings were announced to the public and Plaintiff admits he was able to attend them via webcast and teleconference.

### 5. **Claims 49-50**

Claims 49-50 allege that Defendant violated FACA by failing to respond to Plaintiff's FACA requests for information about the Senior Executive Association ("SEA") and the Partnership for Public Service ("PPS").

Defendant moves to dismiss these claims under Fed. R. Civ. P. 12(b)(6) because "FACA does not apply to purely private organizations such as the" SEA and PPS. (Dkt. No. 20 at 19.) "Because the SEA and PPS are not even government entities, much less 'agencies' under FACA, they do not qualify as advisory committees. Consequently, the documents and records belonging to these private organizations are not subject to FACA's publication requirement." (*Id.*)

Plaintiff does not dispute that the SEA and PPS are private organizations. Instead, he asserts that claims 49-50 are cognizable under the APA because he "has information that leads him to believe that the president of the" SEA and PPS has "been advising" the Office of Personnel Management. (Dkt. No. 30 at 14.)

Plaintiff's belief, stated in his opposition, does not change the nature of claims 49-50 as they are currently stated. Moreover, his belief is insufficient to show that the SEA and PPS are

government entities.  Accordingly, Plaintiff has failed to state a claim for relief under the APA where he has failed to plead that the SEA and PPS are government agencies/committees subject to the APA via FACA.

### 6. Claim 61

Claim 61 alleges that Defendant violated FACA because "NAS" [National Academy of Sciences] failed to provide Plaintiff with a certification that NAS complied with FACA.

Defendant moves to dismiss claim 61 under Fed. R. Civ. P. 12(b)(6) because "the National Academy of Sciences is a private corporation that has no duty to" comply with FACA requirements that are only applicable to government agencies.  (Dkt. No. 20 at 19.)  *See San Francisco Arts & Athletics, Inc. v. U.S. Olympics Comm.*, 483 U.S. 522, 543 n.23 (1987) (recognizing that the National Academy of Sciences is a private corporation, and noting that if such "private corporations were to be viewed as governmental rather than private actors, the consequences would be far reaching.").

Plaintiff does not dispute the assertion that NAS is a private corporation.  Accordingly, Plaintiff has failed to state a claim for relief under the APA where he has failed to plead that NAS is a government agency whose actions are subject to APA review via FACA.

### 7. Claims 67-68, 77, and 79

Claims 67-68, 77, and 79 allege that Defendant violated numerous provisions of the U.S.C. and C.F.R. because the Government Printing ("GPO") and the Superintendent of Documents ("SOD") failed to print or distribute the 2012 version of the U.S.C. and the 2009-2012 versions of the F.R. to a library in Logan, Utah.

Defendant moves to dismiss these claims because neither the GPO nor SOD is an agency subject to the APA.  (Dkt. No. 48 at 21.)  Rather, they are a part of Congress to which the APA

does not apply. *See* 5 U.S.C. § 701(b)(1)(A) ("'[A]gency' . . . does not include . . . the Congress . . . ."). *See also Mayo v. U.S. Gov't Printing Office*, 9 F.3d 1450, 1451 (9th Cir. 1993) ("The GPO is a unit of Congress."); *Lunderstadt v. Colafella*, 885 F.2d 66, 75 (3rd Cir. 1989) ("[I]mmunity applicable to a congressman protected the Public Printer and the Superintendent of Documents . . . .").

Plaintiff does not adequately dispute that the GPO and SOD are part of Congress. Accordingly, Plaintiff has failed to state a claim for relief under the APA where he has failed to plead that the GPO and SOD are government agencies whose actions are subject to APA review.

### 8.  Claim 71

Claim 71 alleges that Defendant violated FACA, 5 U.S.C. App. 2 § 10(b), when the United States Public Printer failed to respond to Plaintiff's FACA request seeking information about the Depository Library Council.[17]

Defendant moves to dismiss claim 71 "because the United States Printer has no mandatory duty to disclose any information under" 5 U.S.C. App. 2 § 10(b).  (Dkt. No. 20 at 12.)  This portion of FACA only applies to government agencies as defined in 5 U.S.C. § 551(1).[18]  In turn, 5 U.S.C. § 551(1)(A) explicitly excludes "the Congress" from its definition of "agency." Because the United States Public Printer is the head of the Government Printing Office, it is a part of Congress not subject to any duties imposed by FACA.  *See* 44 U.S.C. § 301 ("The President of the United States shall nominate and . . . appoint a suitable person . . .to take charge of and manage the Government Printing Office.").

---

[17] 5 U.S.C. App. 2 § 10(b) states that various records "made available to or prepared for or by each advisory committee shall be available for public inspection and copying at a single location in the offices of the advisory committee . . . ."

[18] *See* 5 U.S.C. App. 2 § 3(3) ("The term 'agency' has the same meaning as in section 551(1) of title 5, United States Code.").

The Court agrees with Defendant's reasoning on this point. Where Plaintiff has failed to plead that the United States Public Printer is subject to FACA, Plaintiff has failed to state a FACA-based claim for relief under the APA that demonstrates failure to take a legally required agency action.

### III.    PLAINITFF'S FOUR MOTIONS FOR LEAVE TO AMEND SECOND AMENDED COMPLAINT

Plaintiff filed four motions for leave to amend his second amended complaint. (Dkt. Nos. 28- 29; 31-32.) The Court considers these motions together. Plaintiff moves for leave to amend claims 8, 28, 43, 47, and 51. He also moves for leave to add various new claims.

Defendant opposes Plaintiff's motions to amend as futile, and this Court agrees. *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("[T]he district court may dismiss without granting leave to amend when it would be futile to allow the plaintiff an opportunity to amend his complaint."). Accordingly, the Court **DENIES** Plaintiff's motions to amend his second amended complaint.

### A.  Claim 8

Claim 8 alleges that Defendant violated the Federal Register Act ("FRA") and FOIA by failing to publish information in the F.R. and C.F.R. about numerous federal advisory committees. (Dkt. No. 13 ¶ 8.) Plaintiff seeks to amend this claim by naming the President's Management Council ("PMC") as the proper defendant and stating that the PMC violated FACA rather than the FRA or FOIA. (Dkt. No. 29 at 1-2.)

However, as noted by Defendant, even as amended, claim 8 would still fail to invoke Article III standing for the same reasons that the current claim 8 fails to invoke Article III standing. (Dkt. No. 48 at 3.) Therefore, granting leave to amend would be futile.

**B. Claim 28**

Claim 28 alleges that Defendant violated FACA by failing to respond to Plaintiff's FACA request for information about a federal advisory committee meeting that occurred on May 7, 2010. (Dkt. No. 13 ¶ 28.) Plaintiff seeks to amend this claim by correcting the date of the committee meeting to June 7, 2010. (Dkt. No. 28 at 2.)

The Court concludes that such an amendment would be futile. Even as amended, claim 28 would still fail to state a cognizable claim for relief under the APA for the same reasons the current claim 28 fails to do so.

**C. Claim 43**

Claim 43 alleges that Defendant violated a "FOIA-Memo" by failing to publish guidance about the Office of Information Policy in the F.R. (Dkt. No. 13 ¶ 43.) Plaintiff seeks to amend this claim by replacing the term "FOIA-Memo" with "Memo-FOIA." (Dkt. No. 28 at 2.)

The Court concludes that such an amendment would be futile. Even as amended, claim 43 would still fail to invoke Article III standing, fail to plead exhaustion of FOIA administrative remedies, fail to invoke the APA due to an existing FOIA remedy, and fail to name the proper FOIA party defendant.

**D. Claim 47**

Claim 47 alleges that Defendant violated FOIA by failing to respond to Plaintiff's FOIA request for information about the Attorney General's approvals of Presidential orders. (Dkt. No. 13 ¶ 47.) Plaintiff seeks to amend claim 47 by naming the Department of Justice and the Office of Legal Counsel as the proper defendants. (Dkt. No. 28 at 1-2.)

The Court concludes such leave would be futile. Even as amended, claim 47 would still fail to plead exhaustion of FOIA administrative remedies and fail to invoke the APA due to an existing FOIA remedy.

**E.  Claim 51**

Claim 51 alleges that Defendant violated FOIA when the OPM failed to respond to Plaintiff's FOIA request about information referred to in an August 2, 2011 memorandum. (Dkt. No. 13 ¶ 51.) Plaintiff seeks to amend claim 51 by naming the OPM as the proper defendant. (Dkt. No. 28 at 2.)

The Court concludes that granting leave to amend would be futile. Even as amended, claim 51 would still fail to plead exhaustion of FOIA administrative remedies and fail to invoke the APA due to an existing FOIA remedy.

**F.  New Claim About Internal Revenue Service Oversight Board**

Plaintiff seeks to amend his complaint by adding a claim against Defendant regarding the Internal Revenue Service Oversight Board's failure under the FRA and FOIA to publish certain information in the F.R. and C.F.R. (Dkt. No. 29 at 3-4.)

Applying the same legal analysis used elsewhere in this decision, the Court concludes that granting leave to amend is futile. This new claim would fail to invoke Article III standing, fail to plead exhaustion of FOIA administrative remedies, and fail to invoke the APA due to an existing FOIA remedy.

**G.  New Claim About Local Library**

Plaintiff seeks to amend his complaint by adding a claim against Defendant, the Government of the United States, about how his local library "impeded" his "access to inspect and copy" United States House and Senate Reports. (Dkt. No. 29 at 4.)

The Court concludes such an amendment would be futile because it would fail to invoke Article III standing. Plaintiff cannot show that Defendant is causing his purported harm where Plaintiff claims that his library is limiting his access to these documents. *See Mount Evans Co. v. Madigan*, 14 F.3d 1444, 1450 (10th Cir. 1994) (reiterating that standing requires a plaintiff to show his "injury is fairly traceable to the challenged action of the defendant . . . .").

**H. New Claims Relating to Executive Orders**

Plaintiff seeks to amend his complaint to add two new claims against Defendant for failing "to perform the procedural duty owed [] Plaintiff" under Executive Order 13403 because "*certain* Approvals were *not* performed *upon* the approvals of the Director of the Office of Management and Budget" and "*all* the Approvals were *not* Performed by the Attorney General . . . ." (Dkt. No. 31 at 1-2.)

Plaintiff also seeks to amend his complaint by adding eighteen claims against Defendant for failing "to perform the procedural duty owed [] Plaintiff" under 1 C.F.R. §§ 5.5, 8.1(a), 19.2(b), 19.3(a), and 21.1 due to the failure of numerous government officials to state, approve, execute, and publish information related to Executive Order 13403, "Obama Orders," "*all* the proposed Executive orders," and "*all* the Executive orders . . . ." (Dkt. No. 32.)

The Court concludes that granting leave to add these claims would be futile. Plaintiff fails to indicate how violations of various executive orders and the C.F.R. establish his Article III standing.

Moreover, Plaintiff fails to indicate how violations of Executive Order 13403 allow him to state a private right of action. While certain executive orders "are treated as agency action and reviewed under the" APA, "[t]o be enforceable under the [APA] the executive order must meet three specific requirements." *City of Albuquerque v. U.S. Dep't of Interior*, 379 F.3d 901, 913

(10th Cir. 2004) (citation omitted).  The executive order "must have a specific statutory foundation," (2) "neither the statutory foundation nor the executive order must preclude judicial review," and (3) "there must be law to apply – that is, there must be an objective standard by which a court can judge the agency's actions."  *Id.* at 913-14 (internal quotation marks and citations omitted).

Here, Plaintiff has failed to plead how Executive Order 13403 meets any of the aforementioned requirements for APA review.  In fact, Executive Order 13403 specifically states it "is not intended to, and does not, create any right or benefit, substantive or procedural, enforceable at law or in equity by any party against the United States, its departments, agencies, instrumentalities, or entities, its officers or employees, or any other person."  Exec. Order No. 13403, 71 Fed. Reg. 28543 (May 12, 2006).  Given these circumstances, the Court concludes leave to amend would be futile where Plaintiff has failed to state a cognizable claim under the APA.

Furthermore, to the extent that Plaintiff's amended claims refer to "all" proposed executive orders, "all" executive orders, and "all" Obama Orders, such vague references fail to state a claim under Fed. R. Civ. P. 12(b)(6) because they do not provide this Court with any information it could use to identify the orders at issue and analyze such orders to discern whether violations of these orders would be reviewable.

## IV.     ORDERS

For the reasons analyzed above, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's second amended complaint or in the alternative motion for summary judgment.  (Dkt. No. 20.)

More specifically, the Court dismisses claims 2-14, 17-27, 31-33, 38, 40-44, 48, 52-59, 62-66, 69, 72-76, 78, 80-86, and 96-100 under Fed. R. Civ. P. 12(b)(1) for lack of Article III standing.

The Court also dismisses claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 63-64, 69-70, 72-76, and 81-100 under Fed. R. Civ. P. 12(b)(1) for lack of prudential subject-matter jurisdiction due to Plaintiff's failure to exhaust FOIA administrative remedies.

The Court also dismisses claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction under the APA where Plaintiff may obtain identical review of these claims under FOIA.

The Court also dismisses claims 16-17, 39-40, and 60 under Fed. R. Civ. P. 12(b)(1) for mootness.

The Court also dismisses claims 2-5, 7-9, 18-27, 31-32, 42-48, 51-56, 58, 63-64, 69-70, 72-76, and 81-100 under Fed. R. Civ. P. 12(b)(6) for failure to identify proper FOIA defendants.

The Court also dismisses claims 15, 28-30, 34-37, 49-50, 61, 67-68, 71, 77, and 79 for failure to state a cognizable APA claim under 5 U.S.C. § 706(1).

The Court **DENIES** Plaintiff's four motions to amend his second amended complaint.  (Dkt. Nos. 28-29; 31-32.)

Dated this 26th day of September, 2014.    By the Court:

Dustin B. Pead
United States Magistrate Judge